```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
| | |
|---|---|
| KEKE LIBRON, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: _9/15/2021_ |
| Plaintiff, | |
| -against- | 21 Civ. 6424 (AT) |
| PROLOGIS, INC. and PROLOGIS TARGETED U.S. LOGISTICS FUND, L.P., | **ORDER** |
| Defendants. | |

ANALISA TORRES, District Judge:

Defendants removed this action to this Court invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. ECF No. 4 ¶ 3. On August 11, 2021, the Court ordered Defendants to "state the citizenship of each of its general and limited partners for the purposes of diversity jurisdiction." ECF No. 8. On August 19, 2021, Defendants filed a letter stating that they "have been advised that no such members are domiciled in New York[.]" ECF No. 9.

Defendants filed a chart stating that Prologis 2, L.P., and ProLogis Fraser, L.P. are general partners of Prologis Targeted U.S. Logistics Fund, L.P, and that those entities have unnamed "3rd party limited partners." ECF No. 9-1. Defendants must state the citizenship of each of the constituent limited partners who are members of the limited partnerships. *Handelsman v. Bedford Village Assocs. Ltd. Partnership*, 213 F.3d 48, 51–53 (2d Cir. 2000); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the citizenship of all of its general and limited partners).

By **September 29, 2021**, Defendants shall file a statement regarding the citizenship of each of the general and limited partners of the limited partnerships. If Defendants fail to file a statement by the foregoing date to truthfully allege complete diversity based upon the citizenship of each general and limited partner of the limited partnerships, then the complaint will be remanded for lack of subject matter jurisdiction.

SO ORDERED.

Dated: September 15, 2021
New York, New York

ANALISA TORRES
United States District Judge