```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/1/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEKE LIBRON,

            Plaintiff,

-against-

PROLOGIS, INC. and PROLOGIS TARGETED U.S. LOGISTICS FUND, L.P.,

            Defendants.

21 Civ. 6424 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Defendants removed this action to this Court invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. ECF No. 4 ¶ 3. On August 11, 2021, the Court ordered Defendants to "state the citizenship of each of its general and limited partners for the purposes of diversity jurisdiction." ECF No. 8. On August 19, 2021, Defendants filed a letter stating that they "have been advised that no such members are domiciled in New York[.]" ECF No. 9. On September 15, 2021, the Court again ordered Defendants to state the citizenship of each general and limited partner of the limited partnerships. ECF No. 10. On September 29, 2021, Defendants submitted a letter in which they again did not disclose the citizenship of the general and limited partner of the limited partnerships, instead declining to identify the partners "as such information is deemed proprietary and confidential." ECF No. 11.

    "A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) (citation omitted). Defendants must state the citizenship of each of the constituent limited partners who are members of the limited partnerships. *Handelsman v. Bedford Village Assocs. Ltd. Partnership*, 213 F.3d 48, 51–52 (2d Cir. 2000); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the citizenship of all of its general and limited partners). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007) (citations omitted). By failing to disclose the citizenship of all its members, Defendants have not met their burden.

    Because the Court cannot establish if it has subject matter jurisdiction, the case is REMANDED pursuant to 28 U.S.C. § 1447(c) to Supreme Court, Bronx County. The Clerk of Court is directed to remand the case to Supreme Court, Bronx County, and close the case.

    SO ORDERED.

Dated: October 1, 2021
       New York, New York

                                                      ANALISA TORRES
                                             United States District Judge